IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

NORTHERN DIVISION

| | |
|---|---|
| PAUL E. ANDERSON<br><br>Plaintiff,<br><br>vs.<br><br>SUNTRUST MORTGAGE, INC., STERLING EDMUNDS, HOME LOAN CORPORATION, and BEN STREUSAND,<br><br>Defendants. | MEMORANDUM DECISION AND ORDER GRANTING MOTIONS TO DISMISS<br><br><br><br>Case No. 1:10-CV-178 TS |

The Court has before it Defendants SunTrust Mortgage, Inc. and Home Loan Corporation's separate Motions to Dismiss under Fed.R.Civ.P. 12(b)(6).[1] Also before the Court is Plaintiff's Motion to Reconsider Based Upon New Found Evidence[2] and Defendants' Motions to Strike Plaintiff's Motion to Reconsider as an unauthorized sur-reply.[3] As explained in more detail below, the Court finds that Plaintiff has failed to plead a cognizable legal claim upon which relief may be granted. The Court will, therefore, grant Defendants' Motions. As the Court

---

[1]Docket Nos. 7 & 12.

[2]Docket No. 16.

[3]Docket Nos. 17 & 21.

1

will dismiss Plaintiff's Complaint, Plaintiff's Motion to Reconsider and Defendants' related Motions to Strike are moot and will, therefore, be denied.

## I. PLAINTIFF'S COMPLAINT

Plaintiff's pro se Complaint, removed to this Court on October 27, 2010, alleges the following:

On or about March 2, 2010, Plaintiff sent Defendants[4] a letter entitled "Conditional Acceptance And Opportunity to Cure." Plaintiff alleges that this letter "tender[ed] full settlement in legal tender funds held in escrow on a pending foreclosure on Plaintiff's home" and demanded that Defendants produce "the original, unaltered (wet-ink signature) promissory note."[5] Plaintiff contends that Defendants failed to respond to this letter and, as a result of such failure, Defendants tacitly admitted that they no longer possess the promissory note, are not "holders in due course," and have committed fraud.[6]

Plaintiff alleges that on March 12, 2010, Plaintiff sent another letter to Defendants entitled "Notice of Counterfeit Security and Other Violations of Federal Law And Statement of Facts."[7] Again, Plaintiff maintains that Defendants failed to respond and, by such failure, tacitly admitted to various assertions allegedly contained in this letter. Plaintiff contends that by failing to respond, Defendants admitted, by not denying, that Plaintiff's note had been "illegally"

---

[4]Plaintiff's Complaint fails to distinguish among the various Defendants, instead referring only to them collectively as "Defendants."

[5]Docket No. 1, Ex. 1, ¶¶ 13-14.

[6]*Id.* ¶ 14.

[7]*Id.* ¶ 15.

converted into a security, that Defendants profited substantially by such security and have failed to credit Plaintiff any of these profits, that Defendants failed to register this security, and that Defendants violated RICO, usury, and antitrust laws.[8] Plaintiff alleges that Defendants' securitization of his promissory note grants him "an automatic right of rescission of the original contract and Plaintiff exercised said right to cancel and rescind said contract."[9]

Plaintiff further alleges that, by failing to respond to these letters, Defendants have (1) admitted to a tort claim for damages for the trebled amount of $967,204.77.[10] Additionally, Plaintiff contends that Defendants must accept his offer to "clear title to the subject property, pay an additional $150,000 to Plaintiff for any loss, damage, and injury he has sustained; remove all/any negative comments on Plaintiff's credit report attributed to this transaction," and produce all "wet ink signature" documents that prove Plaintiff's claims.[11] Plaintiff asserts that if Defendants fail to do so, they have already "tacitly agreed to waive all rights to object to the terms of the contract and agreed that judgment in the amount of $1,117,204.77, as well as clear title to the subject property be entered against Defendants and all agents et als."[12]

In Plaintiff's prayer for relief, Plaintiff requests the Court enter a declaratory judgment which (1) bars Defendants from further collecting on any of his alleged debts; (2) dismisses the

---

[8]*Id.* ¶¶ 16-19.

[9]*Id.* ¶ 19.

[10]*Id.* ¶ 22.

[11]*Id.* ¶ 24.

[12]*Id.*

allegedly fraudulent mortgage; (3) orders Defendants to remove all negative comments from Plaintiff's credit report; (4) directs Defendants to pay him his tort claim damages of $967,204.77 and an additional $150,000 for Plaintiff's loss, damage, and injury; (5) declares that Defendants committed fraud, violated RICO, usury, and antitrust laws; and (6) permanently restrains Defendants from filing any action against Plaintiff.

## II. LEGAL STANDARD

As noted previously, Plaintiff is proceeding pro se and the Court, therefore, construes his pleadings liberally. As the Tenth Circuit has held, however, "[w]hile we of course liberally construe pro se pleadings, [Plaintiff's] pro se status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."[13] Pro se litigants must "follow the same rules of procedure that govern other litigants."[14]

In considering a motion to dismiss under Rule 12(b)(6), all well-pleaded factual allegations, as distinguished from conclusory allegations, are accepted as true and viewed in the light most favorable to Plaintiff as the nonmoving party.[15] Plaintiff must provide "enough facts to state a claim to relief that is plausible on its face."[16] All well-pleaded factual allegations in the amended complaint are accepted as true and viewed in the light most favorable to the nonmoving

---

[13] *Ogden v. San Juan Cnty.*, 32 F.3d 452, 455 (10th Cir. 1994).

[14] *Nielson v. Price*, 17 F.3d 1276, 1277 (10th Cir. 1994) (internal quotation marks and citation omitted).

[15] *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002).

[16] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547 (2007).

4

party.[17] But, the court "need not accept . . . conclusory allegations without supporting factual averments."[18] "The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's complaint alone is legally sufficient to state a claim for which relief may be granted."[19] The Supreme Court has explained that a plaintiff must "nudge[ ][his] claims across the line from conceivable to plausible" to survive a motion to dismiss.[20]

In considering the adequacy of a plaintiff's allegations in a complaint subject to a motion to dismiss, a district court not only considers the complaint, but also "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice."[21] Thus, "notwithstanding the usual rule that a court should consider no evidence beyond the pleadings on a Rule 12(b)(6) motion to dismiss, '[a] district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity.'"[22]

---

[17] *GFF Corp. v. Associated Wholesale Grocers, Inc.*, 130 F.3d 1381, 1384 (10th Cir. 1997).

[18] *S. Disposal, Inc., v. Tex. Waste*, 161 F.3d 1259, 1262 (10th Cir. 1998); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[19] *Miller v. Glanz*, 948 F.2d 1562, 1565 (10th Cir. 1991).

[20] *Twombly*, 550 U.S. at 547.

[21] *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007) (citing 5B WRIGHT & MILLER § 1357 (3d ed. 2004 & Supp. 2007)).

[22] *Alvarado v. KOBTV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002)).

## III.  DISCUSSION

Defendants contend that Plaintiff's Complaint fails to identify a legally cognizable claim which would entitle him to his requested relief.  As such, Defendants argue that Plaintiff's Complaint is subject to dismissal under Fed.R.Civ.P. 12(b)(6).  In Plaintiff's response, he does not directly contend with Defendants' arguments, but instead repeats many of the assertions included in his Complaint and also attempts to invoke irrelevant snippets of admiralty law which he argues entitles him to relief.

The Court has carefully reviewed Plaintiff's Complaint and agrees with Defendants that Plaintiff has failed to plead a legally cognizable claim.  Plaintiff has failed to identify what legal authority supports his assertion that Defendants' failure to respond to his two letters—containing various and, at times, incomprehensible demands—entitles him to release from his mortgage, his property free and clear of all competing claims, and damages in the amount of $1,117,204.77.  The Court is aware of no legal authority which allows for such relief.  Although the Court can identify specific words which relate to legal claims—i.e., RICO, fraud, tort, rescission—Plaintiff has not identified how these claims are applicable.  Simply providing the Court with a list of words which may have legal significance is insufficient to survive a Motion to Dismiss under Fed.R.Civ.P. 12(b)(6).  The Court, therefore, will grant Defendants' Motions.

## IV.  CONCLUSION

It is therefore

ORDERED that Defendants' Motions to Dismiss (Docket Nos. 7 & 12) are GRANTED.  It is further

ORDERED that Plaintiff's Motion to Reconsider Based Upon New Evidence (Docket No. 16) and Defendants' Motions to Strike (Docket Nos. 17 & 21) are DENIED AS MOOT.

The Clerk of the Court is directed to close this case forthwith.

DATED   May 6, 2011.

BY THE COURT:

_____
TED STEWART
United States District Judge